**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **CADET PATRICK JEAN,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| | § | |
| **v.** | § | **No. 3:26-CV-01707-LS** |
| | § | |
| **MICHAEL WATKINS, UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | |
| ***Respondents*.** | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner seeks a writ of habeas corpus ordering his release from immigration custody during ongoing removal proceedings.[1] He does not address, however, the government's argument that he is subject to mandatory detention under 8 U.S.C. § 1226(c)[2] because of one more controlled substance offense convictions. And his *Zadvydas* claim fails because he has no final order of removal yet. The Court accordingly **DENIES** the petition for a writ of habeas corpus. Any pending motions are **DENIED AS MOOT** and the Clerk shall **CLOSE THE CASE**.

**SO ORDERED**.

---

[1] *See* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States.").

[2] 8 U.S.C. § 1226(c)(1)(E)(i); *see also Jennings v. Rodriguez*, 583 U.S. 281, 281 (2018) ("[T]he Attorney General 'must release' one of those aliens [detained under § 1226(c)] 'only if the Attorney General decides' both that doing so is necessary for witness-protection purposes and that the alien will not pose a danger or flight risk." (quoting 8 U.S.C. § 1226(c)(4))); *Demore v. Kim*, 538 U.S. 510, 513 (2003) ("Congress, justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for the removal hearings in large numbers, may require that persons . . . be detained for the brief period necessary for their removal proceedings.").

**SIGNED** and **ENTERED** on November 22, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**